William C. Hecht, Jr., J.
This is an application by Zelman and Zelman, for an order granting them a counsel fee “ on a percentage or other basis ”, for services rendered by them in a special proceeding brought by them on behalf of David Ayman and George Greenwood and others similarly situated, against respondent, Teachers’ Retirement Board, of the City of New York. Ayman was and still is a high school teacher. Greenwood, at the-time the proceeding was commenced, was a retired high school teacher who was receiving a pension. The proceeding was finally determined by the Court of Appeals which held (9 N Y 2d 119) that respondent’s adoption of new mortality tables for computing the annuities of retiring teachers violated their constitutional right to have the annuities computed on the basis of the mortality tables employed on July 1, 1940, the effective date of section 7 of article V' of the New York State Constitution. The final 'order- directed (1) that “ the actuarial values and mortality tables in effect immediately prior to July 1, 1940, shall be the actuarial values and mortality tables used in calculating annuities at the time of the retirement of the *829 petitioner, David Ayman, and others similarly situated ’ ’, and (2) that the ‘ ‘ respondent recalculate the annuity granted to George Greenwood, and others similarly situated, upon the basis of the actuarial values including tables of mortality in effect immediately prior to July 1, 1940, and that the respondent pay to petitioner, Kathryn B. Greenwood, as Executrix of the Last Will and Testament of George Greenwood, and other beneficiaries similarly situated, the amount of annuity theretofore withheld, and that in computing such amount with appropriate interest from date of retirement, the respondent use actuarial values and mortality tables in effect immediately prior to July 1, 1940”. The applicants claim that as the result of their services an additional liability of about $39,600,000 has been imposed upon respondent and upon the City of New York, which is legally liable for the payment of all pensions, annuities, retirement allowances, refunds, death benefits, and other benefits (Administrative Code of City of New York, § B20-30.0).
This alleged additional liability is characterized by the applicants as a “ fund ’ ’ created through their efforts. They argue that the net effect of the final order is that ‘ ‘ all teachers have had an additional benefit conferred on them to the extent of $40,000,000”. They seek an allowance predicated on the theory that their clients and teachers similarly situated have received benefits approximating $40,000,000. It is important to note that the applicants apparently desire that the amount allowed to them be paid by the respondent out of its present funds, and/or out of additional funds to be received by respondent from the City of New York under the latter’s statutory liability to pay to the board such amounts as are necessary to meet its pension and other obligations (Administrative Code, § B20-30.0). To grant the relief sought would mean that the board and/or the city would be charged with the cost of the services rendered by the applicants, not to the board or the city, but rather to petitioners Ayman and Greenwood and to other teachers similarly situated.
The present application does not even suggest that the amount allowed to the applicants as counsel fee be deducted from the annuity payments due and to become due to presently retired teachers, like Ayman, who may remain teachers long enough to become eligible for annuity payments on their future retirement.
A fortiori, no suggestion is made as to how the amount of the allowances is to be apportioned among the téachers in both classes or as to how contributions are to be made in the case of presently unretired teachers, many of whom may never become eligible for the receipt of annuity payments.
*830 The doctrine that allowances for attorneys’ fees may be made in representative actions or proceedings is based upon the theory that all members of the class benefited by the litigation should be compelled to share in the cost of the litigation and it contemplates that the attorneys’ allowance will be borne by the members of the class (2 Carmody-Wait, New York Practice, p. 695; 69 Harv. L. Rev. 658). In Trustees v. Greenough (105 U. S. 527) the court stated (pp. 532-533) that one jointly interested with others in a common fund, who, in good faith, maintains the necessary litigation to save it from waste and secure its proper application, is entitled in equity to “ reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts ” (emphasis supplied). The court added (p. 532) that if the person who sued on behalf of a class ‘ ‘ cannot be reimbursed out of the fund itself, they [the members of the class] ought to contribute their proportion of the expenses which he has fairly incurred. To make them a charge upon the fund is the most equitable way of securing such contribution ’ ’.
If the litigation conducted by the present applicants in fact created a segregated fund of $40,000,000, to be turned over to the petitioners and all other teachers similarly situated, the granting of an allowance out of such fund to the applicants, thereby reducing the amount to be paid over to the teachers, would impose the cost of the litigation upon those benefited thereby and not upon the respondent or the city. That is not, however, the situation here. The final order did no more, in the case of the Ayman class than direct that “ the actuarial values and mortality tables in effect immediately prior to July 1, 1940, shall be the actuarial values and mortality tables used in calculating annuities at the time of the retirement of the petitioner, David Ayman, and others similarly situated It did not direct any payments whatsoever to members of the Ayman class, either now or in the future, nor did it direct segregation of a fund to be paid over to them either now or in the future. The fact that the ultimate effect of the court’s direction might be to increase the reserves maintained by the board for the payment of annuities to unretired teachers does not indicate that a fund was created for distribution to them. Nor would the amount of the additional reserves be the measure of the benefits received by such teachers as the result of the litigation. In the case of the Greenwood class, the final order directed payment of the amounts improperly withheld from annuities payable to presently retired teachers and the making of higher payments in the future. All this direction did was to increase respondent’s *831 liabilities. It did not create a fund, in any proper sense of the term, belonging to members of the Greenwood class, from which a deduction could be made for counsel fees, leaving a lesser amount for distribution to members of the class. Indeed, the very fact that the granting of this application would not reduce in the slightest the annuity payments due and to become due to the Greenwood class or those which will be due in the future to such members of the Ayman class as may become eligible for such payments, is in itself a clear indication that no fund for the benefit of the successful litigants has been created from which the attorneys’ allowance may be deducted and charged to said litigants.
The case of Allen v. City of Omaha (136 Neb. 620), relied upon by the applicants, is not in point here. In that case, three beneficiaries of a pension fund successfully sued the City of Omaha to recover for their pension fund moneys derived by the city from certain sources which were required by statute to be paid over to the pension fund. The court held that the plaintiffs had established a fund for thé benefit of all beneficiaries of the pension fund and accordingly granted an allowance to their attorneys “ out of the fund recovered ” (p. 624). In that case, the judgment recovered directed the city to make payments to the pension fund and thus, in the court’s view, created a fund. The final order here, however, did not direct any additions by the city or others to respondent’s assets or funds and there is no fund from which the counsel fee may be deducted. To the extent that the court permitted the fund recovered to be charged with attorneys’ fees, notwithstanding the fact that the city was obligated to pay pensions even if the fund was not properly maintained, the court appears to have overlooked the fact that the cost of the litigation would merely be imposed upon the city rather than upon those benefited by the litigation.
In view of the fact that the granting of the present application would have the effect of imposing liability for the applicants ’ legal services upon the board and the city, as guarantor of the board’s obligations, rather than upon the members of the classes of teachers benefited by the applicants’ services, the application must be denied. It is accordingly unnecessary to consider the various other grounds of opposition urged by respondent.
Among these are (1) the claim that the court lacks jurisdiction to entertain this special proceeding after determination, by final order, of the special proceeding in which petitioners sought relief against Teachers’ Retirement Board of the City of Nbav York and (2) the fact that said proceeding was decided by the *832 court simultaneously with a proceeding for the same relief brought by Ellis Johnson, et al., on behalf of themselves and others similarly situated, in which the petitioners were represented by others than the present applicants.
. It may not be amiss, at this time, to refer briefly to the difficulty of determining how to apportion liability for an attorney’s allowance among the various persons claimed to have benefited and how to provide for the enforcement of such apportioned liabilities, especially as to members of the Ayman class. What part of the attorneys’ allowance would properly be payable by the presently retired teachers and what part by those who have not yet retired, many of whom may never become eligible for annuity payments ? How is the part apportioned to the unretired teachers to be paid by them, in the light of the fact that they are not receiving any annuity payments from which their proportionate shares may be deducted? In the case of presently retired teachers, are those who are likely, by reason of advanced age, to receive relatively few annuity payments in the future, to contribute equally with those who, by reason of being much younger, are likely to receive many more annuity payments? These and additional problems do not arise upon this application, but would require determination if a fund for the benefit of the teachers had been created by the litigation or if the applicants sought in an appropriate action to compel all members of the classes benefited to pay them the reasonable value of their services. Motion denied.